*151 ON PETITION FOR LEAVE TO FILE BRIEF AMICUS CURIAE
PRATHER, Justice,
for the Court.
The permissibility of granting leave to file an Amicus Curiae brief is focused upon by this petition of the Mississippi Association of Realtors, Inc., a non-profit organization of some 2,600 real estate brokers and sales persons.
I.
By definition an amicus curiae is one who is a “friend of the court” or a “by-stander,” rather than an advocate or party who assists the court by offering information or otherwise. 3A C.J.S. Ami-cus Curiae § 1 and § 2, p. 422 (1973) Accord, 4 Am.Jur.2d Amicus Curiae § 2, (1962). The general purpose of an amicus curiae brief is “to call the court’s attention to law or facts or circumstances in a matter then before it that may otherwise escape its consideration. 4 Am.Jur.2d Amicus Curiae at § 3. Accord 3A C.J.S. Amicus Curiae at § 2. The Court grants this privilege within its discretion, but generally allows the interested persons or organizations the right to appear in matters of public interest.
II.
The practice of permitting amicus curiae participation to inform or advise the court is as old as the common law dating as far back as 1353. Y.B. Hil. 26 Edw. 3, 65 (1953), noted in Coney, Amicus Curiae: Friend of the Court, 9 DePaul L.Rev. 30, 33 (1960). The trend under modern practice regarding amicus curiae participation has been to liberally allow participation to help the court’s general understanding and insight central to the court’s decision and possible implications of its rulings.
Through this century, the nature of ami-cus participation has changed. The early nomenclature of amicus briefs named the preparing attorney, while the latter practice of the 1930’s named the sponsoring organization. By the late 1940’s, amicus participants for the most part had lost their neutral status and had become interested groups or lobbyists in the courts. See O’Connor & Epstein, Court Rules and Workload: A Case Study of Rules Governing Amicus Curiae Participation, 8 Just.Sys.J. 35, 41 (1983). Recognizing that decision making of the courts was not made in a vacuum, amicus briefs were generally received by all courts. This Court has generally accepted amicus curiae briefs with liberality when timely filed. New Orleans Baptist Theological Seminary v. Lacy, 219 So.2d 673 (Miss.1969).
III.
Early this century, the United States Supreme Court established a criteria for ami-cus appearance that one must be “interested in some other pending case involving similar questions.” Northern Securities Co. v. U.S., 191 U.S. 555, 24 S.Ct. 119, 48 L.Ed. 299 (1903). However, the influx of briefs caused the court to adopt their rule in 1938 requiring consent of all parties to the litigation before amicus briefs were accepted, with certain few exceptions. However, this stringent limitation on filing caused an amendment in 1949. That amendment permitted amicus participation by written consent of all parties or by leave of the court when submitted a reasonable time prior to the court’s consideration. When applying to the United States Supreme Court on motion for leave, the motion shall “concisely state the nature of the applicant’s interest, set forth facts or questions of law that have not been, or reasons for believing that they will not adequately be, presented by the parties, and their relevance to the disposition of the case. A party served with such motion may seasonably file ... an objection concisely stating the reasons for withholding consent.” Rules of the Supreme Court of the United States 85 F.R.D. 435 (1980).
IV.
The Supreme Court of Mississippi recognized in the Lacy case, supra, that where the parties were “represented by very able counsel who have filed an excellent and *152 exhaustive brief” no assistance was needed.
Y.
However, the bench and bar recognize that all modern courts are suffering from a deluge of cases and workload that is causing an increase in time and money for litigants. Evidencing a concern for delay and cost in court litigation, a committee of the Mississippi State Bar at the June, 1985 meeting suggested methods for elimination of delay and expense. One such suggestion proposed that this Court streamline rules to expedite disposition of cases. This delay problem and suggestion of the State Bar causes this Court to reappraise its position and set guidelines for granting of briefs amicus curiae, while weighing consideration of both sides.
Compiling these criteria, this Court here, and hereafter, adopts as guidelines for the accepting of amicus curiae briefs, any one of the following criteria: One seeking to become an amicus curiae must assert that the reason is:
(1) Interest in some other pending case involving a similar question, or
(2) That counsel for the party is inadequate or the brief insufficient, or
(3) There are facts, or circumstances, or laws in the matters before it that may otherwise escape the court’s attention.
(4) It has substantial legitimate interests that will likely be affected by outcome of the case and which interests will not adequately be protected by those already parties to the case.
There is excepted from the permission of this Court any amicus brief filed by the State of Mississippi and sponsored by the Attorney General of the State of Mississippi.
Using the above guidelines, a person seeking leave to gain amicus curiae status in this Court should assert the basis for such request in a petition and attach to the petition the proposed written brief in a succinct and concise statement, but never to exceed the page limitation allowed a party to the suit under Mississippi Supreme Court Rule 7, Briefs, or in violation of the other provisions of Rule 7.
Applying these guidelines to the attached four page brief of the Mississippi Association of Realtors, Inc., this Court notes the citation of only one case. As the request of Mississippi Association of Realtors, Inc., did not comply with any criteria set forth herein, the Court denies leave to file the amicus curiae brief.
PETITION DENIED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.